IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 4:20-CR-212-4 |
| | § | |
| DEBRA LYNN MERCER-ERWIN (1),<br>KAYLEIGH MOFFETT (2)<br>     Defendants. | §<br>§<br>§ | |

## ORDER RESTRAINING ASSETS

Considering the motion of the United States of America for entry of an order restraining assets, the Court finds the motion to have merit and should, in all things, be GRANTED.

IT IS THEREFORE ORDERED that Defendants Debra Lynn Mercer-Erwin, Kayleigh Moffett, and any of their agents, representatives, servants, attorneys, employees, affiliates, successors, assigns, family members, alter egos, nominees, and/or those persons or entities in active concert or participation with them or against them in any fashion, including any bankruptcy trustee or any court-appointed receiver in any other litigation, who receive actual or constructive notice of this Order by electronic mail, personal service, facsimile, or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

A.      Selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real or personal property, or other assets[1] or any interest therein, wherever located, including any assets outside the territorial United States, which are:

1.    in the actual or constructive possession of Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett;

2.    owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belong to, Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett; or

3.    in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation, partnership, trust, or other entity directly or indirectly under the control of Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett.

This order does not restrain Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett, their agents, representatives, servants, attorneys, employees, affiliates, successors, assigns, family members, alter egos, or nominees, from paying normal and reoccurring living expenses to include but not limited to: mortgages, utilities, taxes, insurance, house expenses

---

[1]    The term "property" and "asset" as used in this Order shall mean any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, monies, escrow and bank accounts, retirement accounts, 401(k) accounts, IRA accounts, and all cash, wherever located, and shall include both existing assets and assets acquired after the date of entry of this Order.

including internet, cable, telephone, food, items for the continued support of Defendants' spouses and children, car payments, car insurance, tags, or any other expensed needed for the continued living support of the defendants and their family members.  Additionally, this order does not restrain Aircraft Guaranty Corporation ("AGC") or Wright Brothers Aircraft Title ("WBAT") from paying necessary and routine expenses for the operation of said businesses, to include but not limited to: rent, utilities, all taxes, payroll expenses, all insurance.  This order does not restrain the Defendants from accepting and spending payroll checks they themselves receive from AGC or WBAT for work done for the continued operation of those businesses. Finally, this order does not restraint Defendants from paying reasonable and necessary attorneys' fees.

B.  Pursuant to, and consistent with the parties' Asset Preservation Agreement dated May 13, 2021, the provisions of this section shall also apply to, but not be limited to, the following identified assets owned by Defendants Debra Lynn Mercer-Erwin and Kayleigh Moffett and/or their alter egos and/or nominees:

1. **Aircraft Guarantee Corporation;**

2. **527 Beach Club Trail C-310, Gulf Shores, Alabama 36542; and**

3. **2020 Range Rover VIN # SALGS2RU0LA583123.**

If any such assets are under binding contract for sale, the sale should be permitted to proceed as scheduled, provided that:

1. the sales proceeds that would be going to Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett, and/or any other alter ego, attorney-in-fact, or nominee be held in escrow by the closing agent, title company, escrow agent, and/or any bank receiving the proceeds from the sale of the assets upon the closing of the sale;

2. the closing agent, title company, escrow agent, and/or any bank receiving the proceeds from the sale of the assets be enjoined from releasing those sales proceeds to Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett, and/or any other alter ego, attorney-in-fact, or nominee; and

3. the closing agent, title company, escrow agent, and/or any bank receiving the proceeds from the sale of the assets shall notify the United States following the closing and shall direct payment of the sales proceeds to the registry of the Court.

C. The total asset restraint specified in this section of this Order shall only affect assets not to exceed the amount of the balance of restitution that may be owed to the crime victims owed restitution, if any, in this criminal case. Upon a satisfactory showing to the Court in a "motion to release" of sufficient funds and assets subject to this asset-restraining Order available to satisfy the amount of the anticipated restitution, the Court will release excess funds requested by Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett.

IT IS FURTHER ORDERED that the funds, property, and assets affected by the prior paragraphs shall include both existing assets and assets

acquired after the effective date of this Order, including without limitation, any inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered), and any moneys and/or premiums refunded to Defendants by any insurer in connection with the cancellation, rescission, or termination of any insurance policy. Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett shall hold all assets, including without limitation, payments, loans, and gifts, received after service of this Order.

IT IS FURTHER ORDERED that the United States may file a *lis pendens* wherever Defendants Debra Lynn Mercer-Erwin and/or Kayleigh Moffett are believed to have a real property interest.

IT IS FURTHER ORDERED that Defendants Debra Lynn Mercer-Erwin and Kayleigh Moffett shall immediately provide a copy of this Order to each agent, representative, servant, attorney, employee, affiliate, successor, assign, immediate family member and those persons or entities in active concert or participation with them or against them in any fashion, including any bankruptcy trustee and/or any court-appointed receiver in any other litigation, and within ten (10) calendar days following entry of this Order, Defendants Debra Lynn Mercer-Erwin and Kayleigh Moffett shall provide the United States with an affidavit identifying the names, titles, addresses,

and telephone numbers of the persons and entities that Defendants Debra Lynn Mercer-Erwin and Kayleigh Moffett have provided a copy of this Order in compliance with this provision.

IT IS FURTHER ORDERED that this asset-restraining order granted herein shall expire once the judgment has been entered by this Court, unless within such time the Order, for good cause shown, is extended or modified.

**SIGNED this 3rd day of August, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE