IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAYLEIGH MOFFETT (2) | 4:20-CR-212 |

**THE UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS CERTAIN STATEMENTS**

The Defendant, Kayleigh Moffett filed a Motion to Suppress Certain Statements. Dkt. 326. The United States filed a Response. Dkt. 336. This is a supplement to the United States' response.

## INTRODUCTION

Kayleigh Moffett was the vice president of Aircraft Guarantee Company (AGC). Moffett's mother and co-defendant was the president. AGC is a company that provides aviation trustee services- they register private airplanes for entities and individuals with the Federal Aviation Administration (FAA). AGC has registered over 2000 aircraft. This business has extensive documents- electronic and hard files.

On December 18, 2020, agents executed a search warrant issued by a United States Magistrate Judge at AGC. Agents also had arrest warrants for Moffett and her mother because they were indicted in this case. When agents arrived at AGC to execute the search and arrest warrants, AGC employees were present and willing to be interviewed about the company.

United States' Supplemental Response – Page 1

Moffett argues that the United States violated Rule 5 when agents failed to "promptly present" her for an initial appearance after arrest and claims her statements should be suppressed. Moffett has the burden of demonstrating that there was an *unreasonable* delay in presentment. Moffett has not met her burden. There was no unreasonable delay in Moffett's appearance. Agents were interviewing the co-defendant and witnesses, searching the business, processing voluminous evidence and processing the defendants after arrest. Agents were involved in appropriate, legitimate law enforcement activities related to the investigation and arrests in this case. There was no unreasonable delay and Moffett's statements should not be suppressed.

## FACTS

AGC President Debra Lynn Mercer-Erwin and her daughter, AGC Vice-President Kayleigh Moffett were arrested outside of Oklahoma City, Oklahoma by federal law enforcement agents on Friday, December 18, 2020. Mercer-Erwin was arrested at 10:00 am and Moffett was arrested approximately a half hour later. Mercer-Erwin's interview initially started at 10:43 am[1] however, Mercer-Erwin asked to speak with her attorney. Moffett also initially indicated that she wanted to speak to an attorney. Moffett was detained while agents executed the search warrant on AGC and while Mercer-Erwin conferred privately with her attorneys.

After talking to her attorneys, Mercer-Erwin agreed to an interview. Agents began the interview at 12:28 pm and it lasted for approximately two hours and forty-five minutes. Throughout the afternoon, agents offered Moffett food, water, bathroom breaks and access to a phone. Meanwhile, agents continued to execute the search warrant, process evidence and interview AGC employees- Mercer- Moffett's husband came to the business as well. This

---

[1] The United States' Response states the initial interview of Mercer-Erwin began at 10:34 am- it was transposed- it began at 10:43 am.

United States' Supplemental Response – Page 2

lengthy process included seizing cell phones, eight computers, multiple hard drives, and thumb drives and scanning voluminous documents related to the business.[2]

At about 5:45 pm, agents checked in with Moffett again to see whether she needed food, water, a break, or a phone. At this point, Moffett said she wanted to talk to agents. Agents began Moffett's interview at about 5:49 pm- it lasted for approximately one hour and thirty-one minutes.

Moffett was arrested at approximately 10:30 am. After Moffett's arrest, agents interviewed Moffett's co-defendant and employees of the business and searched the business and seized evidence.  Moffett's interview began, at her request, at approximately 5:49 pm. Moffett was detained over the weekend and presented for an appearance on Monday morning, December 21, 2020.

Moffett argues the United States Magistrate Judge in Oklahoma had a docket on December 18, 2020 at 3 pm. However, she presents no evidence or information that Moffett would have been placed on that docket. Homeland Security Investigation (HSI) agents who were assisting with the investigation in Oklahoma report that the United States Marshal (USM) in Oklahoma requires that defendants be presented to the USM by 10 am on the day of initial appearance. If the defendant is not presented to the USM by 10 am, they will not be placed on the docket.

## ARGUMENT

Moffett was arrested at approximately 10:30 am and her interview took place- at her request- at 5:49 pm. This does not mean Moffett has met her burden of establishing unreasonable

---

[2] The document scanning alone was very time consuming- agents worked in shifts around the clock and did not complete the scanning until the evening of December 20, 2020.

United States' Supplemental Response – Page 3

delay or that the analysis is complete. The delay was reasonable and Moffett's statement should not be suppressed.

***Rule 5(a) and presentment***. Federal Rule of Criminal Procedure 5(a)(1) requires that a defendant be taken before a magistrate judge for initial appearance "without unnecessary delay." Crim.P. 5(a)(1). If confessions are made after an *unnecessary* delay, the *McNabb-Mallory* exclusionary rule provides that those statements will be inadmissible evidence. *Corley v. United States*, 556 U.S. 303, 309 (2009) citing *McNabb v. United States*, 318 U.S. 332 (1943) and *Mallory v. United States*, 354 U.S. 449 (1957).

***18 U.S.C. § 3501***. Following the Supreme court's pronouncement of the *McNabb-Mallory* exclusionary rule, Congress enacted 18 U.S.C. § 3501 which created a "safe-harbor" of admissibility for confessions made within the six hours of the defendant's arrest. *United States v. Jacques*, 744 F.3d 804, 813 (1st Cir. 2014) citing *Corley*, 556 U.S. at 309. Section 3501(c) does not, provide that all confessions gathered beyond the six-hour window "automatically or even presumptively violate Rule 5(a)'s right to presentment 'without unnecessary delay.'" *Jacques*, 744 F.3d at 813-14.

***The two-part test of § 3501***. Section 3501(c) sets up a two-part inquiry: (1) creating a safe harbor for statements made within six hours of arrest and (2) commissioning the court to examine the reasonableness and necessity of the delay for statements made beyond the six hours. *Id.* at 814. "If the confession occurred before presentment and beyond six hours, the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb-Mallory* cases…." *Corley*, 556 F.3d at 813-14.  "[T]he doctrine proscribes only unnecessary delays, and not delay itself." *Muschette v. United States*, 322 F.2d 989, 991 (D.C. Cir. 1963, *vacated on other grounds*, 378 U.S. 569 (1964). Accordingly, when applying *McNabb-Mallory*, a court

United States' Supplemental Response – Page 4

cannot simply "watch the clock," and treat the doctrine as "a carpenter's measuring stick to be used by merely laying it alongside the material to be evaluated." *Id.*

**The defendant's burden**. The burden of demonstrating the delay and a *McNabb-Mallory* violation rests with the defendant. *United States v. Mero*, No. 4:17-CR-00067, 2017 WL 4931704, at *1 (E.D. Tex. Sept. 27, 2017), *report and recommendation adopted*, No. 4:17CR67, 2017 WL 4922112 (E.D. Tex. October 31, 2017) (quoting *Corley* 556 F.3d at 306); *United States v. Boche-Perez*, 755 F.3d 327, 333 (5th Cir. 2014); see also, e.g. *United States v. Brown*, 459 F.2d 319, 324 (5th Cir. 1971); *White v. United States*, 200 F.2d 509, 512 (5th Cir. 1952).

**Reasonable Delay.** Beyond unexplained delays or purposeful delays for criminal interrogations, courts have been "careful not to overextend *McNabb-Mallory's* prophylactic rule in cases where there was a ***reasonable delay unrelated to any prolonged interrogation of the arrestee***." *United States v. Garcia-Hernandez*, 569 F.3d 1100, 1106 (9th Cir. 2009) (emphasis added). The *McNabb-Mallory* doctrine allows delays "related to legitimate law enforcement procedures, such as the administrative booking of the arrestee or coordinating with multiple law enforcement agencies…." *Boche-Perez*, 755 F.3d at 337.  "[T]he police are not entirely 'forbidden… to investigate crime.'" *Id.* at 337 quoting *United States v. Vita*, 294 F.2d 524, 530 (2nd Cir. 1961). "Law enforcement personnel are permitted, within reasonable limits, to investigate whether the crime occurred; search and secure a premises; and secure, confiscate, or destroy contraband before taking an arrestee to a magistrate." *Id.*

In this case, law enforcement agents at the scene interviewed Mercer-Erwin and Moffett sequentially with Mercer-Erwin going first. As a result of Mercer-Erwin's interview, agents involvement in the search and execution of a search warrant on the business and interviews of employees, Moffett's interview did not occur until later in the day on December

United States' Supplemental Response – Page 5

18. The delay here was not related to any prolonged interrogation of Moffett. The delay was reasonable because it was related to the investigation and other legitimate law enforcement procedures. Moffett has not met her burden. The delay was reasonable and her statement is admissible.

## CONCLUSION

Moffett's motion should be denied.

Respectfully submitted,
BRIT FEATHERSTON
UNITED STATES ATTORNEY

/s/
ERNEST GONZALEZ
Assistant United States Attorney
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on March 20, 2023.

/s/
ERNEST GONZALEZ
Assistant United States Attorney