# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 4:20-CR-212 |
| § | |
| DEBRA LYNN MERCER-ERWIN (1) § | |
| KAYLEIGH MOFFETT (2) § | |
| CARLOS ROCHA VILLAURRUTIA (5) § | |

## ORDER

Pending before the Court is Defendant's Motion for Production of Jencks and Brady/Giglio Materials (Dkt. #342). Having considered the motion and the relevant pleadings, the Court finds that the Motion should be **DENIED in part and GRANTED in part.**

### BACKGROUND

The current motion is brought by Defendant Lynn Mercer-Erwin. In 2020, a grand jury indicted Defendant with seven counts of violating United States federal law:

1. Conspiracy to Manufacture and Distribute Cocaine, in violation of 21 U.S.C. § 846;

2. Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 963;

3. Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 959;

4. Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956 and 1957;

5. Conspiracy to Commit Export Violations, in violation of 18 U.S.C. §§ 371 and 554, as well as 13 U.S.C. § 305;

6. Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, in violation of 49 U.S.C. § 46306 and 18 U.S.C. § 371; and

7. Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.

(Dkt. #224 at pp. 31–42).

On March 24, 2023, Defendant filed a Motion for Production (Dkt. #342), requesting that the Court order the Government to produce Jencks Act, *Brady*, and *Giglio* materials that the Government has in its possession (Dkt. #342 at p. 1). On March 29, 2023, the Government filed a response to Defendant's motion, arguing that it is aware of its duty to produce Jencks Act materials, and will do so within a reasonable time to prevent delay (Dkt. #346 at p. 3). In addition, the Government asserts that it has produced all evidence within the ambit of *Brady* and *Giglio* (Dkt. #346 at p. 4).

The case is set for trial beginning on April 10, 2023 (Dkt. #314).

## ANALYSIS

Generally, a federal prosecutor's discovery obligations are established by the Federal Rules of Criminal Procedure 16 and 26.2, the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). However, "[t]here is no general constitutional right to discovery in a criminal case . . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *accord United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979). Rather, "discovery in criminal cases is narrowly limited . . . ." *United States v. Ware*, No. 9:18-CR-43, 2019 WL 2268959, at *1 (E.D. Tex. May 24, 2019) (citing *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982)).

In this case, Defendant Mercer-Erwin seeks an order compelling the Government to produce evidence within the ambit of the Jencks Act, *Brady*, and *Giglio* no later than ten days before trial.

**I.     Request for Disclosure of Jencks Act Materials Under Rule 16**

Under the purview of Rule 16 and the Jencks Act Defendant argues that the Court should order the Government to produce the following materials:

2

1. Any written statement made by a witness intended to be called to testify at trial or hearing by the government that was signed or otherwise adopted or approved by the witness;

2. Any stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by such a person to anyone and recorded contemporaneously with the making of such oral statement;

3. The transcription of any and all Grand Jury testimony of any witness intended to be called to testify at trial or hearing by the government;

4. The notes and reports made by any governmental agent intended to testify at trial or hearing by the government which embody that agent's criminal investigation of the instant case; and

5. Any other statements and reports of prospective government witnesses which have been construed by case law to be Jencks Act material.

(Dkt. #342 at pp. 3–4) (internal citations omitted).

"Rule 16 is a discovery rule designed to protect defendants by compelling the prosecution to turn over to the defense evidence material to the charges at issue." *Yates v. United States*, 574 U.S. at 539; *see* FED. R. CRIM. P. 16. Rule 16, though, does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500," otherwise known as the Jencks Act. FED. R. CRIM. P. 16(a)(2); *see Yassine*, 574 F. App'x 455, 463 (5th Cir. 2014), *cert. denied*, 574 U.S. 1052 (2014). The Jencks Act provides that

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the

3

>testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500.  To summarize, the Jencks Act requires the Government to disclose statements or reports made by government witnesses or prospective witnesses.

Traditionally, under the Jencks Act, statements made by government witnesses do not have to be disclosed "until said witness has testified on direct examination in the trial of the case." *Id.*; *Yassine*, 574 F. App'x at 463-64 (citing *United States v. McKenzie*, 768 F.2d 602, 609 (5th Cir. 1985), *cert. denied*, 474 U.S. 1086 (1986)).  Although the Court cannot compel the Government to make productions at an earlier point, earlier disclosure is encouraged.  *Ware*, No. 9:18-CR-43, 2019 WL 2268959, at *2 (E.D. Tex. May 24, 2019).  Indeed, early disclosure by the government "avoid[s] the interruptions and delay at trial that are inevitable if the defense does not receive the material until the conclusion of the direct testimony . . . [and] obviates the need for a Jencks motion by the defendant at the close of each witness's testimony." *McKenzie*, 768 F.2d at 609.

According to Defendant, the Court should order the Government to produce Jencks Act materials no later than ten days prior to trial.  Defendant contends this is necessary to avoid delay during what is already projected to be a lengthy trial.  The Court disagrees that production of Jencks Act materials a full ten days before trial is necessary.  Nonetheless, Defendant is correct that earlier production of Jencks Acts materials will prevent trial delays.  Early production is a "salutary practice that should be encouraged to avoid the interruptions and delay at trial that are inevitable if the defense does not receive the material until the conclusion of the direct testimony." *McKenzie*, 768 F.2d at 609 (citing *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979).  Accordingly, as is custom in this Court, the Government shall provide Defendant with Jencks Act material on the day prior to the testimony of the witness to whom such material relates.

## II. Production of Evidence Under *Brady* and Giglio

Defendant also asks this Court to compel the Government to produce *Brady*/*Giglio* materials. Specifically, Defendant requests the personnel files of law enforcement officer witnesses, "[i]f the government intends to call as witnesses any law enforcement officers, and if the government has any doubt whatsoever as to whether the personnel files contain discoverable material . . ." (Dkt. #342 at p. 5). In addition, Defendant requests any plea offers, plea agreements, or communications that could be construed as a plea offer between the government and any of Defendant's co-defendants (Dkt. #342 at p. 5).

On January 7, 2021, the Honorable Magistrate Judge Nowak entered a Scheduling Order regarding discovery in this case (Dkt. #135). The Scheduling Order provided, in relevant part, that the Government must permit Defendant's attorney to inspect and copy or photograph "any evidence within the ambit of *Brady v. Maryland* (evidence which might tend to exculpate Defendant, mitigate punishment, or impeach testimony which may be determinative of Defendant's guilt or innocence)" within five days after Defendant's arraignment (Dkt. #135 at pp. 1–2). In addition, the Scheduling Order notes that the Government has an ongoing duty of disclosure and discovery (Dkt. #135 at p. 4). *See Floyd*, 894 F.3d at 161–62 (the *Brady* "duty to disclose exists irrespective of a request from the defense" or an order from a court).

The Government argues that it has already produced all the *Brady* or *Giglio* evidence within its possession, except insofar as the Jencks Act applies (Dkt. #346 at p. 4). Moreover, the Government states that it "is aware that its *Brady* and *Giglio* obligations are continuous and ongoing and will, as necessary, provide Mercer-Erwin any further responsive material" (Dkt. #346 at p. 4). There is no indication that the Government has not complied with the Scheduling Order or its general duty to disclose *Brady*/*Giglio* evidence to a criminal defendant. On the contrary,

5

Defendant concedes that the Government's disclosure of evidence in this case has been voluminous (Dkt. #342 at p. 2) ("The government has produced twelve terabytes of discovery in this case.").

Because the Scheduling Order in this case already required the Government to produce *Brady* materials or impeachment evidence that might be determinative of Defendant's guilt or innocence (Dkt. #135 at p. 2), and there is no indication the Government has not complied, the Court need not order the Government to produce it again. Therefore, Defendant's motion for production of *Brady* materials is denied. Of course, though, the Government is reminded of its continuing obligation to disclose such materials.

As for Defendant's request for *Giglio* materials, the Court finds merit in Defendant's request. Accordingly, the Government shall provide Defendant with these materials (i.e., evidence of agreements or promises made by the government to a witness) by no later than immediately prior to the testimony of the witness to whom such material relates.

## CONCLUSION

Based on the foregoing, it is therefore **ORDERED** that Defendant's Motion for Production of Jencks and Brady/Giglio Materials (Dkt. #342) is hereby **DENIED in part** and **GRANTED in part.**

It is further **ORDERED** that the Government shall provide Defendant with *Giglio* material (evidence of agreements or promises made by the government to a witness) by no later than immediately prior to the testimony of the witness to whom such material relates.

It is further **ORDERED** that the Government shall provide Defendant with Jencks Act material on the day prior to the testimony of the witness to whom such material relates.

**IT IS SO ORDERED.**

**SIGNED this 3rd day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE