IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20CR212 |
| | § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |

## MOTION FOR A PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSET

The United States of America respectfully submits this Motion for Preliminary Order of Forfeiture of defendant's Substitute Property in Satisfaction of Money Judgment and in support thereof, states as follows:

1.      On November 21, 2024, the Court entered a Final Order of Forfeiture against defendant, **Debra Lynn Mercer-Erwin**, consisting of a money judgment in favor of the United States in the amount of $50,000,000.00.

2.      A 2020 Land Rover HSE, VIN #SALGS2RUOLA583123 with license plate KFC954 has been seized from the defendant.

3.      The United States requests a Preliminary Order of Forfeiture as to the above-described vehicle currently in the custody of the Department of Homeland Security in partial satisfaction of the outstanding money judgment.

## Argument

4.      Under 21 U.S.C. § 853(p), the court may order the forfeiture of substitute assets to satisfy a money judgment where the money judgment represents the value of the proceeds of the offense or property involved in the commission of the offense. Section

Motion for a Preliminary Order of Forfeiture – Page 1

853(p)(2) provides that "any other property of the defendant" may be forfeited as a substitute asset.

5.    The forfeiture of substitute assets is solely a matter for the court, not a jury. Fed.R.Crim.P. 32.2(e)(3). Once the court enters an order forfeiting substitute assets, third parties have a right to contest the forfeiture by asserting a superior ownership interest in the ancillary proceeding pursuant to 21 U.S.C. § 853(n).  Fed.R.Crim.P. 2(e)(2)(B). When the government moves for an order forfeiting a substitute asset, the court may enter an order restraining such assets pending its action on the motion or pending the resolution of any third-party claims.

6.    Upon the issuance of a Preliminary Order of Forfeiture in this case, the United States will provide written notice to all third parties who might assert a legal interest in any of the above-described property to be forfeited by publishing notice of the Court's Order and the United States' intent to dispose of the property to be forfeited at www.forfeiture.gov for 30 consecutive days, pursuant to 21 U.S.C. § 853(n)(1), Rule G(4)(a)(vi)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Attorney General's authority to determine the manner of publication of a criminal Order of forfeiture.

Accordingly, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture of defendant's Substitute Property forfeiting to the United States the interest of defendant **Debra Lynn Mercer-Erwin** in the above-described substitute property.

**Motion for a Preliminary Order of Forfeiture – Page 2**

Respectfully submitted,

JAY R. COMBS
United States Attorney


_/s/_____

HEATHER RATTAN
Assistant United States Attorney
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
Heather.Rattan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing on May 19, 2026.


_/s/_____

HEATHER RATTAN